United States District Court
Southern District of Texas
**ENTERED**
November 12, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE VENUSTIANO PORRAS, TDCJ #886022, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-1755 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## **MEMORANDUM AND ORDER**

The petitioner, Jorge Venustiano Porras, also known as George Porras, is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Porras seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent moves for summary judgment, arguing that the petition must be dismissed as barred by the governing one-year statute of limitations [Doc. # 9]. Porras has filed a response [Doc. # 10]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this action for reasons set forth below.

## I.     BACKGROUND

In Harris County cause number 818904, Porras was charged with capital murder in connection with the shooting deaths of two men.[1] On August 11, 1999, Porras entered a guilty plea to charges of capital murder that had been lodged against him in that case.[2] Consistent with the terms of a written plea agreement, the trial court sentenced Porras to life imprisonment.[3] As part of that plea agreement, Porras waived his right to appeal.[4]

On August 26, 2013, Porras filed a *pro se* "Motion for 'Relief From Judgment to Vacate Judgment'" with the trial court.[5] The trial court denied that motion the following day on August 27, 2013.[6] On September 23, 2013, Porras filed a notice of appeal from that decision and requested appointment of counsel.[7] The trial court

---

[1]     Indictment, Doc. # 7-3, at 8.

[2]     Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, Doc. # 7-4, at 25-27; Admonishments, Statements and Waivers, Doc. # 7-4, at 28-32.

[3]     Judgment on Plea of Guilty, Doc. # 7-4, at 33.

[4]     Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, Doc. # 7-4, at 26.

[5]     Doc. # 7-4, at 38-41.

[6]     Order, Doc. # 7-4, at 42.

[7]     Notice of Appeal, Doc. # 7-4, at 62-64.

denied that request, noting that the notice of appeal was "out of time," and certified that Porras had no right to appeal because of the written plea bargain.[8]

On December 31, 2013, the state court of appeals dismissed Porras' appeal for lack of jurisdiction. *See Porras v. State*, No. 01-13-00852-CR (Tex. App. — Houston [1st Dist.] 2013). Thereafter, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Porras v. State*, PDR No. 107-14 (Tex. Crim. App. 2014).

On June 24, 2014, Porras filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.[9] The state habeas corpus court entered findings of fact and conclusions of law, recommending that relief be denied.[10] The Texas Court of Criminal Appeals agreed and denied relief without a written order on January 14, 2015.[11]

In a petition that is dated June 12, 2015, Porras now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 1999 state court conviction.[12]

---

[8]   Trial Court's Certification of Defendant's Right of Appeal, Doc. # 7-4, at 75.

[9]   Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure, Article 11.07, Doc. # 8-8, at 6-18.

[10]  Findings of Fact, Conclusions of Law and Order, Doc. # 8-10, at 4-8.

[11]  Action Taken, *Ex parte Porras*, Writ No. 82,651-01, Doc. # 8-3, at 1.

[12]  Petition, Doc. # 1. The petition was received for filing on June 19, 2015, but it is dated June 12, 2015, indicating that Porras placed his pleadings in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro*
(continued...)

In that petition, Porras raises the following claims, which were raised and rejected on state habeas corpus review: (1) actual innocence; (2) void judgment and sentence; (3) no evidence; and (4) ineffective assistance of counsel.[13] The respondent moves to dismiss the petition with prejudice as barred by the governing one-year statute of limitations on federal habeas corpus review.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because Porras challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

As outlined above, Porras pled guilty and received a sentence of life imprisonment on August 11, 1999. His time to file a direct appeal from that judgment expired thirty days later on September 10, 1999. *See* TEX. R. APP. P. 26.2(a)(1). That

---

[12](...continued)
*se* prisoner deposits a federal petition in the mail as the filing date. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).

[13]     Petition, Doc. # 1, at 6-7.

date triggered the statute of limitations for federal habeas corpus review, which expired one year later on September 10, 2000. The pending federal habeas corpus petition, executed by Porras on June 12, 2015, is late by nearly fifteen years and is therefore time-barred unless an exception applies.

Porras does not dispute that his petition is untimely. He argues that his failure to file a timely petition should be excused because he has "newly discovered evidence" of his actual innocence.[14] In particular, Porras presents police reports indicating that an individual named Stacy Guzman was responsible for shooting the two victims and that another man identified as Julian Mata orchestrated the offense.[15]

Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. *See McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013). A habeas petitioner who seeks to overcome a procedural default through a showing of actual innocence must "raise a substantial doubt about his guilt." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). To make a tenable actual-innocence claim in this context, a habeas petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."

---

[14] Petitioner's Traverse to Respondent's Motion for Summary Judgment, Doc. # 10, at 3-6.

[15] *Id.* at 4-5.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner must then show that "it is more likely than not that," in light of the new evidence, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 326-27. The Supreme Court has emphasized that "the *Schlup* standard is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations and citations omitted). Porras does not meet that standard here.

The record shows that Porras confessed to his role as a party to the offense and entered a guilty plea to charges of capital murder that involved the shooting deaths of two men. In recorded statements made to Lisa Mata (Julian Mata's sister, who cooperated with police by wearing a wire),[16] Porras admitted being a party and to his culpability.[17] As Porras' counsel noted on state habeas corpus review, the police reports referencing Stacy Guzman as one of the shooters were available prior to the time that Porras entered his guilty plea and do not constitute proof of his actual innocence:

> During my representation, I reviewed the police offense reports from the capital murder offense. As a result, I was aware of Stacy Guzman and of the fact that he was one of the shooters participating in the capital murder offense for which Mr. Porras was convicted. Mr. Porras confessed to police to his extensive participation in the capital murder offense. Mr. Porras also admitted to Lisa Mata his extensive

---

[16] Progress Report, Doc. # 4-3, at 12-13.

[17] Affidavit of Leora Khan, Doc. # 8-9, at 59.

> participation in this offense and the need to kill these complainants. We discussed with Mr. Porras that, although he may not have personally shot both complainants, he could nevertheless have been charged as a principal or as a party in this offense based on his participation.[18]

The police reports presented by Porras do not show that he is actually innocent of capital murder as a party to the offense. *See* TEX. PENAL CODE §§ 7.01(a), 7.02 (setting out the law of party liability). Rather, the police reports confirm that Porras, also known as "Kilo," was a party to the offense.[19] Thus, Porras does not establish that it is more likely than not that no reasonable juror would have convicted him as a party in light of the supposedly new evidence, particularly in light of his confession and guilty plea.

Because Porras fails to demonstrate that he is actually innocent under the standard announced in *Schlup*, he does not fit within the exception to the statute of limitations recognized in *Perkins*. Accordingly, the petition must be dismissed as untimely filed.

### III. CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue

---

[18]   *Id.*

[19]   *See* Doc. # 4-4, at 34 (identifying Porras as "Kilo"); *see also* Doc. # 4-4, at 8-9, 13, 16-17 (referencing Kilo's role in orchestrating the killings on behalf of Julian Mata).

before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 9] is **GRANTED**.

2. The habeas corpus petition filed by Jorge Venustiano Porras [Doc. # 1] is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>November 12</u>, 2015.

NANCY F. ATLAS<br>SENIOR UNITED STATES DISTRICT JUDGE